**Sarah J. Crooks**, OSB No. 971512
SCrooks@perkinscoie.com
**Meredith M. Price**, OSB No. 134627
MPrice@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Telephone: 503.727.2000
Facsimile: 503.727.2222

**John Q. Lewis**, *pro hac vice*
john.lewis@tuckerellis.com
**Karl A. Bekeny**, *pro hac vice*
karl.bekeny@tuckerellis.com
**Dustin B. Rawlin**, *pro hac vice*
dustin.rawlin@tuckerellis.com
**William N. Berglund**, *pro hac vice*
william.berglund@tuckerellis.com
TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, OH 44113
Telephone: 216.592.5000
Facsimile: 216.592.5009

*Attorneys for Defendants Costco Wholesale Corporation and Nice-Pak Products, Inc.*

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| DESMOND R. ARMSTRONG, Individually and on Behalf of All Others Similarly Situated,<br>            Plaintiff,<br>    v.<br>COSTCO WHOLESALE CORPORATION and NICE-PAK PRODUCTS, INC.,<br>            Defendants. | No. 3:17-cv-00567-HZ<br><br>**JOINT STATUS REPORT ON BEHALF OF PLAINTIFF AND DEFENDANTS** |

Plaintiff Desmond Armstrong ("Mr. Armstrong"), individually and on behalf of all others

similarly situated, and Defendants Costco Wholesale Corporation ("Costco") and Nice-Pak

1-   JOINT STATUS REPORT

135713293.1

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

Products, Inc. ("Nice-Pak"), through undersigned counsel, file this Joint Status Report as requested by the Court (ECF No. 139):

## I.  Summary of Procedural History and Plaintiff's Claims

This case is one of six putative consumer class actions involving various flushable wipes products manufactured and sold by different companies nationwide that were pending in the United States District Court for the Eastern District of New York before Senior Judge Jack B. Weinstein. Judge Weinstein administered these cases in a related fashion, although they have not been formally consolidated. The first two cases, *Kurtz v. Kimberly-Clark Corp., et al.*, and *Belfiore v. Proctor & Gamble Co.*, were filed in 2014 by New York plaintiffs and have been treated as the lead cases by Judge Weinstein. In *Kurtz*, Costco is a defendant and Kirkland Signature Flushable Wipes ("Kirkland flushable wipes") manufactured by Nice-Pak and sold by Costco, is the product at issue. The same product is at issue in this case. Mr. Armstrong's counsel, Robbins Geller Rudman & Dowd LLP, also represent the plaintiff in *Kurtz*.

Mr. Armstrong, a resident of Jacksonville, Oregon, filed his Complaint on May 19, 2015 in the Eastern District of New York alleging that Costco and Nice-Pak improperly labeled and marketed the Kirkland flushable wipes as flushable, as well as safe for sewer and septic systems. *See* Compl., ECF No. 1. Mr. Armstrong claims that the wipes cause toilets and pipes to clog and other plumbing problems, and seeks damages associated with the mislabeling of the wipes (*e.g.*, under a price premium theory). *Id.* He seeks to certify classes of both national and Oregon purchasers of Kirkland flushable wipes and requests both injunctive, statutory and monetary relief. *Id.* He asserts four causes of action: (1) negligent misrepresentation; (2) breach of express warranty; (3) violation of Oregon's Unlawful Trade Practices Act, Or. Rev. Stat. § 645.605, *et seq.*; and (4) unjust enrichment. *Id.* With the exception of Mr. Armstrong's residence in Oregon, his alleged purchase of Kirkland flushable wipes in this state, and the claimed violation of this state's statutory consumer protection laws, the class and merits-based factual allegations contained in his Complaint are similar to those alleged by the plaintiffs in

2-  JOINT STATUS REPORT

135713293.1

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

*Kurtz*. In particular, both the plaintiff in *Kurtz* and Mr. Armstrong contend that all purchasers of Kirkland flushable wipes sustained a common injury in that they paid a price premium specifically attributable to defendants' "flushable" representations. Costco and Nice-Pak answered the Complaint in July 2015 denying that any putative class should be certified and that Mr. Armstrong is entitled to any relief. *See* ECF Nos. 17-18.

Discovery and briefing by the parties has been conducted on only class certification issues in *Kurtz*. Costco has responded to written discovery and produced thousands of pages of responsive material of its own and Nice-Pak's documents related to Kirkland flushable wipes. One Costco and two Nice-Pak employees have been deposed by the plaintiff in connection with class certification. As to this case, no specific discovery has been conducted, although the parties are discussing how the discovery conducted and documents produced in *Kurtz* could be used here to avoid duplication of effort and cost. At a minimum, Costco and Nice-Pak will need to conduct discovery into Mr. Armstrong's particular claims and class-certification allegations, as Costco did in *Kurtz*. This would likely include written discovery, a deposition of Mr. Armstrong, and potentially discovery of third-parties. No motions for or opposing class certification were filed in this case before it was transferred.

In early February 2017, Judge Weinstein conducted a hearing in *Kurtz* and *Belfiore* addressing renewed motions for class certification and motions to dismiss or hold as moot plaintiffs' request for injunctive relief. Judge Weinstein denied a national class of purchasers of Kirkland flushable wipes and co-defendant Kimberly-Clark's flushable wipes products in *Kurtz*. *Kurtz*, No. 14-CV-1142, 2017 WL 751231, at *2 (E.D.N.Y. Feb. 27, 2017). He certified three classes: two in *Kurtz* (New York purchasers of the Kirkland and Kimberly-Clark flushable wipe products) and one in *Belfiore* (New York purchasers of a Proctor & Gamble flushable wipe product). *Kurtz*, No. 14-CV-1142, -- F.R.D. --, 2017 WL 1155398, at *61-62 (Mar. 27, 2017). Because of the complexities of the class-certification issues and the significant resources and time that the parties and the court would need to expend further litigating the case, Judge

3-   JOINT STATUS REPORT

135713293.1

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Weinstein recommended that the parties seek interlocutory review of his rulings by the United States Second Circuit Court of Appeals under Federal Rule of Civil Procedure 23(f).  *Id.* at *62.  Rule 23(f) permits a court of appeals to consider an interlocutory appeal of a district order granting or denying class certification if a petition for appeal is filed within fourteen days after the order is entered.  Currently, Rule 23(f) petitions filed by the defendants in *Kurtz* and *Belfiore* are pending before the Second Circuit.  *See*, *e.g.*, *Costco Wholesale Corp. v. Kurtz*, Case No. 17-1023 (2nd Cir.); *Kimberly-Clark Corp. v. Kurtz*, Case No. 17-1028 (2nd Cir.); *Procter & Gamble Co. v Belfiore*, Case No. 17-1031 (2nd Cir.).  The plaintiffs have opposed the defendants' Rule 23(f) petitions.  If the petitions are denied, the cases will proceed before Judge Weinstein.  If the defendants' petitions are granted, however, the parties will proceed to brief and argue the issues on appeal before the Second Circuit.

As to the other four cases besides *Kurtz* and *Belfiore*, one was stayed by Judge Weinstein pending resolution of the Rule 23(f) petitions as discovery had not started and it involved another putative class of New York flushable wipes purchasers.  2017 WL 751231, at *3 (discussing *Honigman v. Kimberly-Clark Corp.*, Case No. 15-CV-2910 (E.D.N.Y.).  A second case, which involved New Hampshire residents and alleged violations of that state's laws, was withdrawn.  2017 WL 1155398, at *8**;** 2017 WL 751231, at *1.  Because no class-certification motions were before Judge Weinstein in this case, he elected to *sua sponte* transfer venue to this Court.  *See Armstrong v. Costco Wholesale Corp.*, No. 15-CV-2909, -- F. Supp. 3d --, 2017 WL 656768, at *4 (E.D.N.Y. Feb. 17, 2017).  He similarly transferred the sixth case to the District of Maryland.  *See Palmer v. CVS Health, et al.*, No. 15-CV-2928, 2017 WL 656767, at *4 (E.D.N.Y. Feb. 17, 2017).

4-    JOINT STATUS REPORT

135713293.1

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

## II. Proposed Case Plan

### A. Defendants' Position

The parties have discussed a potential plan for this case. Defendants have identified several issues that were raised in the *Kurtz* and *Belfiore* Rule 23(f) petitions, overlap with this case, and will be addressed by the Second Circuit if the petitions are granted:

- The relationship between the elements of a statutory consumer protection claim under New York law, which are similar to Oregon's law, and the class-certification determination under Rule 23;

- Whether plaintiffs' price-premium damages model can properly support class certification of a statutory consumer protection law claim; and

- Whether plaintiffs have Article III standing to pursue claims for injunctive relief and certification of an injunctive relief class.

These same three issues will apply equally to the *Armstrong* case, but because Judge Weinstein did not resolve these issues in *Armstrong*, they will need to be addressed before this Court may determine whether to certify a class with respect to any of Mr. Armstrong's claims. Not only may the Second Circuit provide significant insight into the very issues this Court will face, but also proceeding to class certification in this case before the Second Circuit rules on the 23(f) petitions in *Kurtz* and *Belfiore* carries a risk of both inconsistent rulings being issued and a wasting of significant resources of the parties and the Court.

For these reasons, Defendants submit that this case should be stayed at least until the Second Circuit determines whether it will accept the Rule 23(f) petitions in *Kurtz* and *Belfiore*. At that time, the parties will know what issues will be addressed as part of the appeal, if any, and they can then propose a plan for this case tailored to ensuring that the Court does not run the risk of inconsistent or duplicative proceedings. This may or may not include a full stay of the case pending full resolution of the appeal to the Second Circuit.

5- JOINT STATUS REPORT

135713293.1

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

Accordingly, Defendants respectfully request that this case be stayed until the Second Circuit rules on the Rule 23(f) petitions in *Kurtz* and *Belfiore*. Defendants respectfully propose that the parties file a joint status report within 14 days of the Second Circuit's ruling(s) on the *Kurtz* and *Belfiore* Rule 23(f) petitions that addresses the ruling(s) and proposes a plan going forward.

### B. Plaintiff's Position

To the extent *all* discovery – including all documents, depositions and testimony from the two "Science Day" proceedings – taken in both the *Kurtz* and *Belfiore* matters, can be utilized in *Armstrong*, plaintiff agrees to postpone further discovery until the Second Circuit rules on the 23(f) petitions in *Kurtz* and *Belfiore*. To the extent that all such discovery can be used in *Armstrong*, plaintiff proposes that the parties file a joint status report within 14 days of the Second Circuit's ruling(s). If all such discovery cannot be used in *Armstrong*, plaintiff proposes that the parties proceed immediately with full discovery in *Armstrong*.

Plaintiff's counsel consents to his electronic signature on this Joint Status Report.

//
//
//

6- JOINT STATUS REPORT

135713293.1

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

DATED: May 25, 2017

| | |
|---|---|
| *s/ Sarah J. Crooks* | *s/ Mark S. Reich* |
| **Sarah J. Crooks**, OSB No. 971512<br>SCrooks@perkinscoie.com<br>**Meredith M. Price**, OSB No. 134627<br>MPrice@perkinscoie.com<br>PERKINS COIE LLP<br>1120 N.W. Couch Street, Tenth Floor<br>Portland, OR  97209-4128<br>Telephone:  503.727.2000<br>Facsimile:  503.727.2222 | **Mark S. Reich (admitted** *pro hac vice*)<br>ROBBINS GELLER RUDMAN & DOWD LLP<br>58 South Service Road, Suite 200<br>Melville, NY  11747<br>Telephone:  631/367-7100<br>Facsimile:  631/367-1173<br>mreich@rgrdlaw.com |
| **John Q. Lewis**, *pro hac vice*<br>john.lewis@tuckerellis.com<br>**Karl A. Bekeny**, *pro hac vice*<br>karl.bekeny@tuckerellis.com<br>**Dustin B. Rawlin**, *pro hac vice*<br>dustin.rawlin@tuckerellis.com<br>**William N. Berglund**, *pro hac vice*<br>william.berglund@tuckerellis.com<br>TUCKER ELLIS LLP<br>950 Main Avenue, Suite 1100<br>Cleveland, OH 44113<br>Telephone:  216.592.5000<br>Facsimile:  216.592.5009 | **Steve D. Larson**, OSB No. 863540<br>**Jennifer S. Wagner**, OSB No. 024470<br>STOLL STOLL BERNE LOKTING & SHLACHTER P.C.<br>209 SW Oak Street, Suite 500<br>Portland, OR 97204<br>Telephone:  (503) 227-1600<br>Facsimile:  (503) 227-6840<br>slarson@stollberne.com<br>jwagner@stollberne.com<br><br>*Attorneys for Plaintiff* |
| *Attorneys for Defendants Costco Wholesale Corporation and Nice-Pak Products, Inc.* | |

7- JOINT STATUS REPORT

135713293.1